IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA G. ESTRADA, on her own behalf and on behalf of all other persons similarly situated known and unknown, | ) ) ) ) | |
| Plaintiff, | ) | No.  07 C 6364 |
| v. | ) ) | |
| PIT BOSS RIB HOUSE, INC., and PHIL TSIOUKANARAS, individually, | ) ) ) ) | Judge Zagel Magistrate Judge Schenkier |
| Defendants. | ) | |

**ANSWER TO COMPLAINT**

Defendants, PIT BOSS RIB HOUSE, INC., and PHIL TSIOUKANARAS, individually, by and through their attorneys, Cohen and Hussien P.C., Answers the Plaintiff's, MARIA G. ESTRADA, on her own behalf and on behalf of all other persons similarly situated known and unknown, Complaint as follows:

**Complaint ¶1- NATURE OF PLAINTIFF'S CLAIMS**

This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff Maria G. Estrada and other similarly situated hourly paid employees customarily worked in excess of forty (40) hours per week but were not paid overtime wages at the rate of one and half times their regular rate of pay for all time worked in excess of forth (40) hours per week.  Defendants' unlawful compensation practices have had the effect of denying Plaintiff and other persons their earned and living wages. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collection action under the FLSA is attached hereto as Exhibit A.

1

**Answer ¶1**

Defendants admit this lawsuit arises under the Statutes enumerated, but deny each and every other allegation that Plaintiff did not receive compensation for all overtime hours worked and deny that any unlawful compensation practices have been committed on their behalf.

**THE PARTIES**

**Complaint ¶2**

Plaintiff is a former employee of Defendants who was employed by Defendants in this judicial district.

**Answer ¶2**

Defendants admit the allegations in paragraph 2 of the Complaint.

**Complaint ¶3**

During the course of her employment, Plaintiff handled goods that moved in interstate commerce, including perishable food items.

*Answer ¶3*

Defendants deny the allegations in paragraph 3 of the Complaint.

**Complaint ¶4**

Defendant Pit Boss Rib House, Inc., is an Illinois corporation doing business within this judicial district. Defendant Pit Boss Rib House, Inc., is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. §203(s)(1)(A). Defendant Pit Boss Rib House's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**Answer ¶4**

      Defendants admit the allegations set forth in paragraph 4 of the Complaint.

### Complaint ¶5

Defendant Phil Tsioukanaras is an owner and principal shareholder of Pit Boss Rib House, Inc. and is involved in the day to day business operation of Defendant Pit Boss Rib House, Inc.  Among other things, Defendant Phil Tsioukanaras has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

### Answer ¶5

      Defendants admit the allegations of paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

### Complaint ¶6

      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C §1331, arising under 29 U.S.C. §216(b).  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

### Answer ¶6

Defendants admit the allegations set forth in paragraph 6 of the Complaint.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Plaintiff on her own behalf and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

Defendants restate their answers to paragraphs 1 through 6 to this Complaint, as if fully set forth herein.

### Complaint ¶7

This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees for all time they worked for Defendants.

### Answer ¶7

Defendants admit that the Complaint seeks relief for certain alleged failure to pay overtime, but deny each and every other allegation of paragraph 7.

### Complaint ¶8

Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

### Answer ¶8

Defendants admit the allegations of paragraph 8 of the Complaint.

### Complaint ¶9

Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

### Answer ¶9

Defendants admit the allegations of paragraph 9 of the Complaint.

### Complaint ¶10

During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

### Answer ¶10

_____Defendants admit the allegations of paragraph 10 of the Complaint.

**Complaint ¶11**

_____Plaintiff was directed by Defendants to work, and did work, in excess of forty (40) hours per week.

**Answer ¶11**

_____Defendants admit the allegations of paragraph 11 of the Complaint.

**Complaint ¶12**

_____Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forth (40) hours, she was entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

**Answer ¶12**

_____Defendants admit the allegations of paragraph 12 of the Complaint.

**Complaint ¶13**

_____Defendants did not compensate Plaintiff at a rate of one and one-half times her regularly hourly rate of pay for time she worked in excess of forty (40) hours in individual workweeks..

**Answer ¶13**

_____Defendants deny each and every allegation of paragraph 13 of the Complaint

**Complaint ¶14**

_____Defendants' failure to pay Plaintiff overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

**Answer ¶14**

Defendants deny each and every allegation of paragraph 14 of the Complaint.

**Complaint ¶15**

_____Defendants' failure and refusal to pay overtime wages for time worked in excess of forty

(40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

### Answer ¶15

Defendants deny each and every allegation of paragraph 15 of the Complaint.

### Complaint ¶16

Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them overtime wages for work performed in excess of forty (40) hours per week.

### Answer ¶16

Defendants deny each and every allegation of paragraph 16 of the Complaint.

### Complaint ¶17

Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for hours worked in excess of forty (40) hours per week.

### Answer ¶17

Defendants deny each and every allegation in Paragraph 17 of the Complaint.

WHEREFORE, Defendants, PIT BOSS RIB HOUSE, Inc., and PHIL TSIOUKANARAS, individually, through their attorneys, Cohen and Hussien P.C., pray this Honorable Court to enter judgment in favor of Defendants and against Plaintiffs or for the entry of an Order dismissing Plaintiff's Complaint in its entirety.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

Defendants restate their answers to paragraphs 1 through 17 to this Complaint, as if fully set forth herein.

**Complaint ¶18**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

**Answer ¶18**

Defendants admit the allegations of paragraph 18 of the Complaint.

**Complaint ¶19**

The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions in the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

**Answer ¶19**

Defendants deny that Defendants violated any Illinois law.

**Complaint ¶20**

At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3©), and Plaintiff was Defendants' "employee" within the meaning of that Act.

**Answer ¶20**

Defendants admits the allegations of paragraph 20 of the Complaint.

**Complaint ¶21**

During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

**Answer ¶21**

Defendants admit the allegations of paragraph 21 of the Complaint.

### Complaint ¶22

Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regularly hourly rate of pay for time worked in excess of forty (40) hours per week.

### Answer ¶22

Defendants admit the allegations of paragraph 22 of the Complaint that Plaintiff was entitled to be compensated at one and one-half times his regularly hourly rate of pay all time worked in excess of forty (40) hours per week pursuant to 820 ILCS 105/4a.

### Complaint ¶23

Defendants did not pay Plaintiff at one and one-half times her regular hourly rate of pay for time worked in excess of forty (40) hours per week.

### Answer ¶23

Defendants deny each and every allegation of paragraph 23 of the Complaint.

### Complaint ¶24

Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours per week.24.

### Answer ¶24

Defendants deny each and every allegation of paragraph 24 of the Complaint.

### Complaint ¶25

Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

### Answer ¶25

\_\_\_\_\_Defendants admit 820 ILCS 105/12(a) provides for punitive damages in the amount of two percent (2%) per month of the amount of under payments, but deny each and every other allegation.

WHEREFORE, Defendants, PIT BOSS RIB HOUSE, Inc., and PHIL TSIOUKANARAS, individually, through their attorneys, Cohen and Hussien P.C., pray this Honorable Court to enter judgment in favor of Defendants and against Plaintiffs or for the entry of an Order dismissing Plaintiff's Complaint in its entirety.

                              Respectfully Submitted,

                              Cohen & Hussien, P.C.

                              By: s/Edward A.Cohen
                                  One of Defendants' Attorneys

Edward A. Cohen
Shereen Mady
COHEN & HUSSIEN, P.C.
Attorney #: 39565
Attorneys for Defendants
6901 W. 111th Street
Worth, IL 60482
(708) 361-3030